PIERRE VAN ARSDALE, Respondent, v. CROSS & BROWN COMPANY, Appellant.

First Department, May 6, 1927.

Brokers — real estate brokers — commissions — plaintiff and defendant claim commission as procuring cause for leasing space in lessor's building — proof shows defendant induced lessee to take premises.

The plaintiff, a real estate broker, seeks to recover commissions for procuring a tenant. The owner has paid the commissions into court and the defendant, another broker, has been interpleaded as sole defendant. The evidence fails to establish that the owner of the building ever employed the plaintiff to act as broker in the procurement of the lease. Furthermore, the evidence clearly indicates that the plaintiff was not the procuring cause of the lease. The defendant and not the plaintiff is entitled to recover the commissions.

APPEAL by the defendant, Cross & Brown Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th or 21st day of January, 1926, upon the decision of the court rendered after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 20th or 21st day of January, 1926, denying defendant's motion for a stay.

*Charles J. McDermott* of counsel [*John F. Jason* with him on the brief; *Henry W. Showers,* attorney], for the appellant.

*David Greenbaum* of counsel [*Leonard F. Fish* with him on the brief], for the respondent.

O'Malley, J. On October 26, 1923, the McGraw-Hill Company, Inc., leased two floors in its building for a term of years to the Redfield, Kendrick, Odell Company, Inc. The plaintiff claims to have been the procuring cause of this lease, and to have had an agreement with the lessor that it would pay him commissions. The defendant likewise made claim to commissions from the lessor, asserting that the latter agreed to pay it commissions and that it was the efficient procuring cause of the lease. The action was originally brought against the lessor, McGraw-Hill Company, Inc., but on its motion the defendant was brought in and finally interpleaded as sole defendant. The moneys in dispute have been paid into court pending the outcome of this action.

After an examination of the record we are fully satisfied that the defendant and not the plaintiff is entitled to judgment. Plaintiff's evidence not only failed to establish that he was the procuring cause of the lease, but it fails to show any agreement, either express or implied, on the part of the McGraw-Hill Company to pay him commissions. In so far as the alleged contract of hiring is concerned, his evidence at best showed that he made inquiry of the McGraw-Hill Company respecting available rental space. He neither disclosed to it the name of any proposed lessee, nor did he testify to any agreement on the part of the lessor's representative that the space about which he made inquiry would be rented to any one whom plaintiff represented. He merely secured floor plans upon which he testified he made a pencil notation of the amount of space, rate of rental per square foot and floor capacity. He did nothing else except to tell the lessor's representative that he was a real estate broker and to leave with him his card. Beyond this he had no further verbal or written communication with any one representing the lessor until after the lease in question was well negotiated and practically agreed upon, when he began to make claim to commissions.

A bare recital of this evidence seems to us to clearly show that there was no contract between plaintiff and the lessor whereby the latter was obligated in any way to the plaintiff.

But even assuming such contract, we are of opinion that the plaintiff wholly failed to show that he was the procuring cause of the lease. Concededly he made inquiry of the lessor respecting rental space without any solicitation on the part of the lessee and·

in anticipation of the latter's possible requirements for new quarters. The lessee, Redfield, Kendrick, Odell Company, had a lease in a building of which the plaintiff was agent. This lease was to expire on May 1, 1924. Plaintiff claims to have had knowledge that this lease could not be renewed. He testified that immediately after making inquiry of the McGraw-Hill Company, respecting available space in its building, he went to the lessee and informed its representative that it could not secure a renewal of its existing lease. He stated that on that occasion he was asked by the lessee's representative if he knew of other space suitable to its needs and that he promised to make inquiry. He claims he then returned to his office and wrote a letter to the Redfield, Kendrick, Odell Company, in which he offered space in two buildings, one of which was in the McGraw-Hill Company building. This letter was sent on June 14, 1923, and while plaintiff testified to having talked several times thereafter with a representative of the Redfield, Kendrick, Odell Company, with respect to a possible renewal of its then existing lease, or whether the latter could secure a release from its then landlord in the event that it found other quarters, he had no further talk about the McGraw-Hill Company space with the representative of the Redfield, Kendrick, Odell Company, until about the middle of August when he learned that it was considering taking such space. He testified that he then informed Mr. Kendrick of that company, that it was he, the plaintiff, who offered that space and that the latter simply replied, " You did. I'll have to look that up."

The defendant's evidence on the other hand tended clearly to establish that it, and not the plaintiff, was the procuring cause of the lease. Its evidence consisted of the testimony among other witnesses of one Kennedy, who was the defendant's agent, the testimony of Mr. Conklin, the vice-president of the McGraw-Hill Company, and of Mr. Redfield and Mr. Kendrick of the Redfield, Kendrick, Odell Company. The last two witnesses while admitting the receipt of plaintiff's letter of June fourteenth, denied ever at any time of having spoken with the plaintiff in regard to space in the McGraw-Hill Company building, or to having asked the plaintiff to endeavor to secure space for their company. Donald C. McGraw, of the McGraw-Hill Company, with whom plaintiff claims to have talked when he visited the premises of the lessor to make inquiry respecting space, while not denying that plaintiff may have called, testified he had no recollection of such a call. Kennedy, defendant's agent in the transaction, was fully corroborated by the testimony of Conklin, Redfield and Kendrick. The testimony of these four witnesses tended to show that the McGraw-Hill

Company, in 1922, had sought out the defendant for the purpose of renting space and that the space in question had been called to the attention of the lessee herein on May 31, 1923; that between that time and the time the lease was finally agreed upon, October 9, 1923, Kennedy, on behalf of the defendant, was actively engaged in bringing the parties together. He brought Redfield and Kendrick to the McGraw-Hill Company building, on two occasions. He had frequent conversations with Conklin of the latter company. He induced the lessee to make a written offer and delivered it personally to the McGraw-Hill Company. This offer was refused, but Kennedy continued his efforts and succeeded in securing a compromise offer from the McGraw-Hill Company. He then succeeded in prevailing upon the lessee to meet these terms. He was present when the lease was finally negotiated and executed and aided in bringing the parties together upon certain provisions about which there had been disagreement.

In these circumstances, we are clearly of the opinion that the defendant and not the plaintiff was the procuring cause of the lease.

It follows from the foregoing that the judgment and order should be reversed, with costs, and judgment ordered for the defendant dismissing the complaint upon the merits, and awarding the fund to the defendant, with costs.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and judgment ordered for the defendant dismissing the complaint upon the merits, and awarding the fund to the defendant, with costs. Settle order on notice.